UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————
UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    Civil Action No. 06-1962
                                   )
OREST GALAN,                       )
                                   )
            Defendant.             )
———————————————————)

UNITED STATES' UNOPPOSED MOTION FOR CONSENT JUDGMENT OF
DENATURALIZATION

    Plaintiff, the United States of America, moves this Court to
enter the attached Consent Judgment of Denaturalization in
accordance with the terms of the Settlement Agreement signed by
the parties and submitted herewith.  Defendant concurs in this
motion.[1]

---

[1] The parties originally intended to file this motion
jointly and simultaneous with the filing of the Complaint.  *See*
Joint Motion for Consent Judgment of Denaturalization (Exhibit
1).  However, the Clerk's Office declined to accept the joint
motion from the parties because Defendant's counsel is not a
member of this Court's Bar.  As evidenced by the Settlement
Agreement, the Joint Motion, and Defendant's concurrence in this
Motion, Defendant concurs in the entry of the proposed Consent
Judgment of Denaturalization.

- 2 -

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
   for the District of Columbia

ELI M. ROSENBAUM
Director

SUSAN L. SIEGAL
Principal Deputy Director

_____
RUDOLPH CONTRERAS
Chief, Civil Division
U.S. Attorney's Office
District of Columbia
501 3rd Street, N.W.
Suite 4500
Washington, DC 20530
(202)514-7151

s/WILLIAM HENRY KENETY V
WILLIAM HENRY KENETY V
Senior Trial Attorney
Office of Special Investigations
Criminal Division
U.S. Department of Justice
10th St. & Constitution Ave., NW
John C. Keeney Building
Ste. 200
Washington, D.C. 20530
(202) 616-2492
(fax) (202)616-2491
william.kenety@usdoj.gov

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| OREST GALAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT MOTION FOR CONSENT JUDGMENT OF DENATURALIZATION

Plaintiff, the United States of America, and Defendant,
Orest Galan, jointly move this Court to enter the attached
Consent Judgment of Denaturalization in accordance with the terms
of the Settlement Agreement signed by the parties and submitted
herewith.

- 2 -

FOR THE DEFENDANT:

_____
JOSEPH SICILIANO, Esq.
Attorney for Defendant
37000 Grand River Avenue
Farmington Hills, MI 48335
(248) 442-0510


_____
OREST GALAN
Defendant
9585 45th Way North
Pinellas Park, FL 33782
(312) _____-_____

Dated: _____

- 3 -

FOR THE UNITED STATES:

_____
JEFFREY A. TAYLOR
United States Attorney
    for the District of Columbia


_____
RUDOLPH CONTRERAS
Chief, Civil Division
U.S. Attorney's Office
District of Columbia
501 3rd Street, N.W.
Suite 4500
Washington, DC 20530
(202)514-7151


_____
ELI M. ROSENBAUM
Director

SUSAN L. SIEGAL
Principal Deputy Director

_____
WILLIAM HENRY KENETY IV
Senior Trial Attorney
Office of Special Investigations
Criminal Division
U.S. Department of Justice
10th St. & Constitution Ave., NW
John C. Keeney Building, Ste. 200
Washington, D.C. 20530
(202) 616-2492
(fax) (202)616-2491
william.kenety@usdoj.gov

Dated:  9 November 2006

# PROPOSED ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                             )
UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )
                             )
         v.                  )     Civil Action No.
                             )
OREST GALAN,                 )
                             )
              Defendant.     )
                             )
```

## CONSENT JUDGMENT OF DENATURALIZATION

Pursuant to the terms of the Settlement Agreement entered into by and between Orest Galan and the United States Department of Justice dated _____ 2006, a copy of which is attached and incorporated as part of this Consent Judgment, Orest Galan, having consented to entry of judgment for Plaintiff pursuant to Title 8 U.S.C. Section 1451(a):

IT IS HEREBY ORDERED, that

1.    Certificate of Naturalization No. 9492495, is cancelled and the September 8, 1970, Order of the United States District Court for the Northern District of Illinois admitting Orest Galan to United States citizenship is revoked and set aside.

2.    Defendant shall forthwith deliver and relinquish to Plaintiff: (1) his Certificate of Naturalization as a United States Citizen (No. 9492495); (2) all passports, whether expired or unexpired; and (3) any other indicia of United States citizenship.

3.    Defendant is forever restrained and enjoined from claiming any rights, privileges or advantages of United States

citizenship.

4.    The Complaint in this action is hereby dismissed with prejudice.

5.    All provisions of the attached Settlement Agreement between Orest Galan and the United States Department of Justice are incorporated in this order by reference and shall be enforced as an order of this Court.


SO ORDERED this _____ day of _____ .


_____
U.S. District Court Judge

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| OREST GALAN, ) | |
| ) | |
| Defendant. ) | |

## SETTLEMENT AGREEMENT

NOW THEREFORE on this 16th day of November, 2006, to
settle the action represented by the attached complaint, the
United States of America (Government or Plaintiff) and Defendant
Orest Galan (Defendant), in consultation with his undersigned
counsel, agree as follows:

1.    In consideration of the Defendant's agreeing that, on
or before November 15, 2006, he shall permanently depart the
United States at his own expense, reside in a non-contiguous
country (as more fully set forth in paragraph 6 herein), join
with the Government in a motion seeking a consent judgment of
denaturalization against him (as set forth in Paragraph 2
herein), and surrender to the American Embassy or Consulate in
Defendant's new country of residence his U.S. passport,
certificate of naturalization and any other indicia of
Defendant's U.S. citizenship (as set forth in paragraph 10
herein), the Government agrees: (1) not to file until after
November 15, 2006, an action pursuant to Section 340(a) of the
Immigration and Nationality Act of 1952, as amended (INA), 8

- 2 -

U.S.C. § 1451(a), to revoke Defendant's citizenship; and (2) to file such action in the United States District Court for the District of Columbia.

2.    On or after November 15, 2006, the Government will file the Complaint attached hereto, thereby commencing an action in the United States District Court for the District of Columbia seeking the cancellation of Orest Galan's Certificate of Naturalization No. 9492495, and the revocation and setting aside of the September 8, 1970 Order of the United States District Court for the Northern District of Illinois granting Orest Galan United States citizenship.   Concurrent with the filing of the Complaint, the Government will file this Settlement Agreement, Joint Motion for Consent Judgment of Denaturalization, and proposed Consent Judgment of Denaturalization.

3.    Defendant is familiar with the allegations contained in the attached Complaint, and acknowledges that he served during 1943-1944 in the Ukrainian Auxiliary Police in L'viv, in Nazi-occupied Ukraine, and did not disclose same on his visa application.   Except as otherwise acknowledged in the preceding sentence, Defendant denies that he has personal knowledge of, or personally participated in, any of the acts alleged in Paragraphs 8-18, 20, 21, 22, 24, 25, and 27 of the Complaint, including any of the atrocities or acts of persecution as alleged by the Government.   Defendant further denies that he violated any laws.

4.    Notwithstanding the positions taken by the Defendant in Paragraph 3, the Government states it has proof that can

- 3 -

establish, by clear, convincing, and unequivocal evidence, the allegations in each paragraph of its Complaint.

5.    Defendant concedes that, subsequent to his denaturalization, he is removable from the United States pursuant to the Immigration and Nationality Act (INA).

6.    Defendant agrees that on or before November 15, 2006, he will permanently depart the United States, at his own expense, for a country that is not contiguous with the United States, or any adjacent island as defined in INA Section 101(b)(5), 8 U.S.C. § 1101(b)(5).  Defendant will take all appropriate action to secure any and all documents needed to effect his departure from the United States.

7.    Defendant further agrees that, after he departs from the United States pursuant to the terms of this Agreement, he will not travel to or attempt to enter, at any time, either the United States or any country that is contiguous with the United States, or any adjacent island as defined in INA Section 101(b)(5), 8 U.S.C. § 1101(b)(5).

8.    After November 15, 2006, the Government will file the attached Joint Motion for Consent Judgment of Denaturalization, after which the Court will enter the attached Consent Judgment of Denaturalization, incorporating this Settlement Agreement, as an order of the Court; cancel Orest Galan's Certificate of Naturalization No. 9492495; and revoke the September 8, 1970, Order of the United States District Court for the Northern District of Illinois granting Orest Galan United States

- 4 -

citizenship. Upon the entry of such order of denaturalization, Defendant will forever be restrained and enjoined from claiming any rights, privileges, or advantages under any document evidencing United States citizenship.

9. On or before November 15, 2006, Defendant's counsel will orally notify the Office of Special Investigations that Defendant has departed from the United States for a country that is not contiguous with the United States, or any adjacent island.

10. Subsequent to Defendant's departure from the United States, but no later than November 15, 2006, Defendant's counsel will orally advise the Office of Special Investigations of Defendant's final destination, and the American Embassy or Consulate where Defendant plans to submit all of his expired and unexpired United States passports, his Certificate of Naturalization No. 9492495, and any other indicia of Defendant's United States citizenship. Defendant shall then present himself at the named embassy or consulate no less than 5 days after this notification, and shall submit all documentation described in the preceding sentence. If Defendant fails to present himself within 15 days of this notification, then, on the 16th day following notification, Defendant's counsel shall notify the Office of Special Investigations in writing of Defendant's address at that time.

11. The Defendant and his counsel, Joseph Siciliano, agree that Mr. Siciliano will accept service of the Complaint and any other pleadings filed in the United States District Court

- 5 -

pursuant to this Agreement; that Mr. Siciliano will enter an appearance on behalf of the Defendant in the United States District Court; and that Mr. Siciliano will participate on behalf of the Defendant in any proceedings in the United States District Court. The Government agrees that it will not object to Mr. Siciliano participating by telephone.

12. In the event Defendant fails to depart the United States (as defined in paragraph 6) on or before November 15, 2006:

A. The United States will file the Complaint and Joint Motion for Consent Judgment of Denaturalization in the judicial district in which Defendant resides at the time of filing (pursuant to Section 340(a) of the INA, 8 U.S.C. § 1451(a)).

B. Defendant voluntarily agrees to relinquish the status of permanent resident alien upon entry of an order of denaturalization by the District Court.

C. Upon entry of a judgment of denaturalization, the United States will institute removal proceedings against Defendant. Defendant agrees not to contest the removal proceedings and, in connection with such proceedings, consents to the entry of the attached Order of Removal (as described in subparagraphs D and E).

D. In the event the United States initiates removal proceedings against Defendant as described in subparagraph C,

- 6 -

Defendant consents to the entry of the attached Order of Removal and the imposition of the conditions set forth in subparagraph E.

      E.    Defendant agrees that, following the entry of the Order of Removal described in subparagraph D:

      (1) Defendant shall not challenge his removal from the United States pursuant to INA Section 241, 8 U.S.C. § 1231, and/or other provisions of the INA.

      (2) Defendant consents to the issuance of a Warrant of Removal and all other documents appropriate or necessary to effect his removal from the United States.

      (3) Defendant consents to detention pending his removal and/or the issuance of an order of supervision under any terms and conditions that the Government may deem to be appropriate, including the posting of a bond.

13.  Subsequent to Defendant's departure pursuant to paragraph 7, if, at any time, Defendant enters into the United States or any country that is contiguous with the United States, or any adjacent island as defined in INA Section 101(b)(5), 8 U.S.C. § 1101(b)(5), he consents to the imposition of the conditions set forth in paragraph 12(E).

14.  So long as Defendant complies with the terms of paragraph 6 and departs the United States (as defined in paragraph 6) on or before November 15, 2006, and does not thereafter enter the United States or any country that is contiguous with the United States or any adjacent island as defined in INA Section 101(b)(5), 8 U.S.C. § 1101(b)(5), then the

- 7 -

provisions of paragraph 12 (A)-(E) shall not apply or have any force or effect.

15.    Defendant enters into this Settlement Agreement after conferring with counsel, and does so freely, knowingly, voluntarily, without duress or compulsion of any kind, and with full knowledge of the consequences.  Defendant has personally reviewed this Settlement Agreement and concurs with its terms.

16.    In entering into this Settlement Agreement, Defendant agrees that neither he nor his heirs and assigns will challenge his subsequent denaturalization or departure from the United States by any means, including, but not limited to, any appeal (whether administrative or judicial), any collateral attack, any application for injunctive action, equitable relief, or legislative action, whether by way of private bill or otherwise.

17.    This document constitutes the full and complete agreement between the parties hereto, and there exists no other writing or agreement.

- 8 -

FOR THE DEFENDANT:

_____

JOSEPH SICILIANO, Esq.
Attorney for Defendant
37000 Grand River Avenue
Farmington Hills, MI 48335
(248) 442-0510

Dated: __10/26/06_____

_____

OREST GALAN
Defendant
9585 45th Way North
Pinellas Park, FL 33782
(312) ____-_____

Dated: _____

- 9 -

FOR THE UNITED STATES:

JEFFREY A. TAYLOR
United States Attorney
    for the District of Columbia

Dated: 11/15/06

RUDOLPH CONTRERAS
Chief, Civil Division
U.S. Attorney's Office
District of Columbia
501 3rd Street, N.W.
Suite 4500
Washington, DC 20530
(202)514-7151

Dated: 11/15/06

ELI M. ROSENBAUM
Director

Dated: November 7, 2006

SUSAN L. SIEGAL
Principal Deputy Director

Dated: November 8, 2006

WILLIAM HENRY KENETY V
Senior Trial Attorney
Office of Special Investigations
Criminal Division
U.S. Department of Justice
10th St. & Constitution Ave., NW
John C. Keeney Building, Ste. 200
Washington, D.C. 20530
(202) 616-2492
(fax) (202)616-2491
william.kenety@usdoj.gov

Dated: 9 November 2006

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
ARLINGTON, VIRGINIA

| | |
|---|---|
| ) | File No. A11 821 875 |
| ) | |
| IN THE MATTER OF ) | |
| OREST GALAN, ) | REMOVAL PROCEEDINGS UNDER |
| ) | SECTION 240 OF THE IMMIGRATION AND |
| RESPONDENT ) | NATIONALITY ACT |
| ) | |
| ) | |

ORDER OF THE IMMIGRATION COURT

THIS COURT has reviewed the attached Settlement Agreement between the parties to

the above-referenced removal case. Based on the parties' statements as set forth in the

Settlement Agreement reached between the Respondent, Orest Galan, and the Government, I find

the Respondent removable under Sections 237(a)(4)(D) and 212(a)(3)(E)(I) of the Immigration

and Nationality Act of 1952, as amended, 8 U.S.C. §§ 1227(a)(4)(D) and 1182(a)(3)(E)(I), and

designate, as requested by the Respondent, the United Kingdom, Switzerland, or Sweden as the

Respondent's country of removal, so long as one of these countries agrees to become the

Respondent's country of removal within 30 days of entry of this Order. In the event none of

these countries agrees within the required time period, I designate Ukraine, Poland, Germany, or

any country willing to accept him as the Respondent's country of removal. Furthermore, it is

ordered that the Respondent's removal be governed by the terms of the aforementioned

Settlement Agreement.

_____
United States Immigration Judge

Dated: _____

- 3 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2006, I filed the foregoing United States' Unopposed Motion for Consent Judgment of Denaturalization with the Clerk of the Court and I served a copy of this Motion via first class mail upon the following:

Joseph Siciliano
Haliw Siciliano Mychalowych
37000 Grand River Avenue
Farmington Hills, MI 48335
(248)442-0510

<u>s/WILLIAM HENRY KENETY V</u>
WILLIAM HENRY KENETY V
Senior Trial Attorney
Office of Special Investigations
Criminal Division
U.S. Department of Justice
10th St. & Constitution Ave., NW
John C. Keeney Building, Ste. 200
Washington, D.C. 20530
(202) 616-2492
(fax) (202)616-2491
william.kenety@usdoj.gov